IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MARK MANNING,

    Plaintiff,

VS.                                                                 No. 05-1082-T/An

RYAN SHANKLIN, ET AL.,

    Defendants.

---

ORDER OF PARTIAL DISMISSAL
AND
ORDER TO EFFECT SERVICE ON THE REMAINING DEFENDANTS

---

Plaintiff Mark Manning filed a *pro se* complaint on March 21, 2005 that asserted claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Plaintiff paid the civil filing fee. The Clerk shall record the defendants as Ryan Shanklin, Jimmy Wren, and the City of Bradford, Tennessee.

The complaint alleges that defendant Shanklin obtained a search warrant authorizing him to search the plaintiff's property based on Shanklin's representation that he noticed a strong odor of ether coming from the plaintiff's address. The warrant said that Shanklin had probable cause to believe that plaintiff had in his possession methamphetamine, precursors used in the manufacture of methamphetamine, solvents, and reagents used to manufacture methamphetamine. Plaintiff asserts that his house is 100 yards from the street, which

presumably would lead to the conclusion that the officer could not have observed the odor from the street. The warrant states, apparently inaccurately, that defendant Wren accompanied Shanklin to the plaintiff's property to observe the odor. The search warrant was executed on March 19, 2004, while the plaintiff had visitors celebrating his child's third birthday. The Bradford Police Department did not find any of the items listed in the search warrant. The plaintiff was arrested and charged with possession of a small amount of marijuana, but those charges were later dropped. The plaintiff seeks compensatory and punitive damages.

According to the Sixth Circuit, "a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); see also Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999); Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983). There is an exception to this general rule, however, that permits a district court to dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple, 183 F.3d at 478 (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

2

As a preliminary matter, defendant Wren cannot be held liable merely on the basis of his position as chief of police. There is no *respondeat superior* liability under § 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Instead:

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates yet fails to act generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d at 300; Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint is devoid of allegations that defendant Wren "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or that the allegedly unconstitutional conduct described in the complaint was the direct result of defendant Wren's failure to perform a function he was legally obligated to perform, Doe v. Claiborne County, Tennessee, 103 F.3d 495, 511-12 (6th Cir. 1996). Accordingly, even if it were assumed that the search warrant was obtained without probable cause and on the basis of false statements, defendant Wren would not be liable to the plaintiff. Accordingly, the Court DISMISSES the complaint in its entirety with respect to defendant Wren, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3), for lack of subject-matter jurisdiction.

The complaint also does not assert a viable claim against any defendant pursuant to 42 U.S.C. § 1981, which provides, in pertinent part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." Although the complaint alleges that the plaintiff is white,[1] the complaint does not allege racial discrimination. See Bell v. Ohio State Univ., 351 F.3d 240, 252-53 (6th Cir. 2003). The Court therefore DISMISSES the claim pursuant to 42 U.S.C. § 1981, with respect to all defendants, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3), for lack of subject-matter jurisdiction.

The claim pursuant to 42 U.S.C. § 1985 is also subject to dismissal. Although the complaint does not identify which provision of § 1985 the plaintiff purports to invoke, the only conceivably applicable provision is § 1985(3), which prohibits a conspiracy "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws."

> [I]n order to state a cause of action under § 1985, the plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

---

[1] The fact that the plaintiff is white would not, by itself, preclude him from bringing a § 1981 claim. See Hardmon v. University of Akron, 40 Fed. Appx. 116, 119 (6th Cir. July 1, 2002).

Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999).

The complaint, even construed liberally, Haines v. Kerner, 404 U.S. 519 (1972), does not allege that the defendants sought to deprive the plaintiff of the equal protection of the laws or that they were motivated by racial, or other class-based, invidiously discriminatory animus.

Moreover, "in order to demonstrate the necessary conspiracy, a plaintiff must allege specific acts or means by which the defendants were alleged to have conspired." Bryant-Bruce v. Vanderbilt Univ., Inc., 974 F. Supp. 1127 (M.D. Tenn. 1997); see also Brooks v. American Broadcasting Cos., 932 F.2d 495 (6th Cir. 1991) (affirming denial of motion to amend to add § 1985 claim because "the allegations are too vague and conclusory to withstand a motion to dismiss"); Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984); Lindsey v. Allstate Ins. Co., 34 F. Supp.2d 636, 645 (W.D. Tenn. 1999); cf. Gutierrez v. Lynch, 826 F.2d 1524, 1538 (6th Cir. 1987) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state . . . a claim."; dismissing § 1983 conspiracy claim).

In this case, the complaint fails to mention a conspiracy, let alone identify any of its members. Moreover, even if the plaintiff did allege that each of the defendants conspired to commit the acts described in the complaint, plaintiff's § 1985 claim suffers from an even more fundamental defect. The defendants in this case are the City of Bradford, its police

5

chief, and a member of its police force. "According to the intracorporate conspiracy doctrine, members of the same legal entity cannot conspire with one another as long as their alleged acts were within the scope of their employment." Jackson v. City of Columbus, 194 F.3d 737, 753 (6th Cir. 1999).[2] Plaintiff's complaint contains no allegations that either of the individual defendants was acting outside the scope of his employment, "and simply suing an official in his individual capacity does not satisfy this requirement." Id.[3] Thus, plaintiff's § 1985 claim is barred by the intracorporate conspiracy doctrine. The Court therefore DISMISSES the claim pursuant to 42 U.S.C. § 1985, with respect to all defendants, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3), for lack of subject-matter jurisdiction.

Because any claim under 42 U.S.C. § 1986 is entirely derivative of a valid claim pursuant to 42 U.S.C. § 1985, Bass, 167 F.3d at 1051 n.5, the dismissal of the § 1985 claim mandates the dismissal of the § 1986 claim with respect to all defendants, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3), for lack of subject-matter jurisdiction.

As a result, the only federal claim remaining in the complaint is asserted against defendants Shanklin and the City of Bradford pursuant to 42 U.S.C. § 1983.

The Clerk shall issue process for the remaining defendants and deliver it to the plaintiff, who is responsible for ensuring that service is effected pursuant to the Federal

---

[2] See also Doherty v. American Motors Corp., 728 F.2d 334, 339 (6th Cir. 1984); Lindsey, 34 F. Supp. 2d at 644-45.

[3] If the individual defendants are alleged to have acted outside the scope of their employment, it seems inconceivable that there would be a basis for municipal liability.

Rules of Civil Procedure.[4] Service on the individual defendant shall be made pursuant to Fed. R. Civ. P. 4(e)(1) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effect. Service on the City of Bradford shall be made pursuant to Fed. R. Civ. P. 4(j)(2) and Tenn. R. Civ. P. 4.04(8) & (10). In addition to the summons and complaint, the service shall include a copy of this order.

It is ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for each defendant, or on any defendant that has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and the Local Rules of this Court. A copy of the Local Rules may be obtained, at no cost, from the Clerk.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 7th day of June, 2005.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff is advised of Fed. R. Civ. P. 4(c)(1), which provides, in part, that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." However, under the Tennessee Rules of Civil Procedure, which are incorporated into the federal rule, see Fed. R. Civ. P. (e)(1), if service is made by registered or certified return receipt mail, it may be made by the plaintiff himself. Tenn. R. Civ. P. 4.04(10).

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 2 in case 1:05-CV-01082 was distributed by fax, mail, or direct printing on June 9, 2005 to the parties listed.

---

Mark Manning
217 Wingo St.
Bradford, TN 37316

Honorable James Todd
US DISTRICT COURT