IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MARK MANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 05-1082-T/An |
| | ) | |
| RYAN SHANKLIN, Individually and in his Official Capacity as a Former Officer of the City of Bradford; and the CITY OF BRADFORD, TENNESSEE, | ) ) ) ) ) | |
| Defendants. | ) | |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS
AND/OR MOTION FOR PARTIAL SUMMARY JUDGMENT

This civil rights action was filed on March 21, 2005 by the plaintiff, Mark Manning. Plaintiff sues the City of Bradford, Tennessee and Ryan Shanklin, a former police officer for the City of Bradford, pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges that his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments were violated by the issuance and execution of a search warrant and his resulting arrest. Plaintiff also has asserted claims under Tennessee law and the Tennessee Constitution. Plaintiff filed the complaint *pro se*; however, counsel filed an appearance on plaintiff's behalf on July 28, 2005.

---

[1] The plaintiff also sued Jimmy Wren, the Bradford Chief of Police. However, on June 7, 2005, the Court issued an order screening the case in accordance with 28 U.S.C. § 1915(e)(2). In that order, the Court dismissed the claims against Wren, as well as claims asserted under 42 U.S.C. §§ 1981, 1985 and 1986. The Court also ordered that process be issued and delivered to the plaintiff for service on Shanklin and the City of Bradford.

The defendants have filed a motion to dismiss and/or for partial summary judgment. Plaintiff's response to the motion was due on or before November 21, 2005; however, no response has been filed and no extension of time to respond has been sought. Therefore, the defendants' motion is ripe for disposition.

Motions for summary judgment are governed by Fed. R. Civ. P. 56. If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Fed. R. Civ. P. 56(c). The moving party may support the motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but must go beyond the pleadings and "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Celotex Corp., 477 U.S. at 323.

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). However, the Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter but only to determine whether there is a genuine issue for trial. Id. at 249. Rather, "[t]he inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so

one-sided that one party must prevail as a matter of law.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting Liberty Lobby, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970).

If a party does not respond to a motion for summary judgment, the Federal Rules of Civil Procedure provide that "summary judgment, if appropriate, shall be entered against him." Fed. R. Civ. P. 56(e). The fact that plaintiff did not respond does not require granting defendants' motion. However, if the allegations of the complaint are contravened by defendants' evidence and defendants are entitled to judgment as a matter of law on those facts, then summary judgment is appropriate. Smith v. Hudson, 600 F.2d 60, 65 (6th Cir. 1979).

The complaint alleges that on March 18, 2004, defendant Shanklin obtained a warrant to search plaintiff's property based on Shanklin's affidavit, in which he stated that he noticed a strong odor of ether coming from plaintiff's address, giving him probable cause to believe that plaintiff was in the possession of methamphetamine and precursors and materials used in the manufacture of methamphetamine. (Compl. ¶ 8.) The search warrant was executed on March 19, 2004. Plaintiff was in his "shop", which apparently is near or adjacent to his residence, and from which he ran a jewelry-repair business. A small amount of marijuana was found on plaintiff's person, but none of the items listed in the search warrant were found on plaintiff's property. (Compl. ¶¶ 11-12, 16.) Plaintiff was arrested and charged with possession of a schedule VI substance. He was taken to the Bradford Police Department and

3

then to the Gibson County Jail, where he remained for approximately sixteen hours. (Compl. ¶ 17.) A report of plaintiff's arrest was published in the local newspapers, but the possession charge was ultimately dismissed. (Compl. ¶ 21-22.) Plaintiff alleges that as a result of these events he felt compelled to relocate his business to a commercial area and to refrain from using his name in connection with his business. (Compl. ¶ 25.) He seeks both compensatory and punitive damages.

The defendants have moved for summary judgment on certain of the claims asserted by the plaintiff. First, defendants assert that the claims made against Shanklin in his official capacity are unnecessary, as the City of Bradford itself is named as a defendant. The Court agrees.

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. See, e.g., Scheuer v. Rhodes, 416 U.S. 232, 237-238, 94 S.Ct. 1683, 1686-1687, 40 L.Ed.2d 90 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.

Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). See also Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003); Shamaeizadeh v. Cunigan, 338 F.3d 535, 556 (6th Cir. 2001); Weaver v. Tipton County, Tenn., 41 F. Supp. 2d 779, 788 (W.D. Tenn. 1999). Therefore, Shanklin is entitled to summary judgment on all claims asserted against him in his official capacity.

Defendants next contend that they are entitled to judgment as a matter of law on plaintiff's claim pursuant to the Eighth Amendment, which prohibits cruel and unusual

punishment. The Supreme Court has recognized that "the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977). As the possession charge against the plaintiff was dismissed, there was never a formal adjudication of guilt in accordance with due process of law. Therefore, the Eighth Amendment is inapplicable, and summary judgment also will be granted on that claim.[2]

Third, defendants seek summary judgment on plaintiff's claims that the defendants' actions violated his rights under the Tennessee Constitution. Tennessee does not recognize a private right of action for violations of the Tennessee Constitution. Bowden Bldg. Corp. v. Tennessee Real Estate Comm'n, 15 S.W.2d 434, 444-45 (Tenn. Ct. App. 1999); Lee v. Ladd, 834 S.W.2d 323, 324-25 (Tenn. Ct. App. Mar. 4, 1992); see also Cline v. Rogers, 87 F.3d 176, 179-80 (6th Cir. 1996); Alexander v. Beale Street Blues Co., 108 F. Supp. 2d 934, 945 (W.D. Tenn. 1999). Accordingly, the defendants are entitled to judgment as a matter of law on plaintiff's claims purportedly brought pursuant to the Tennessee Constitution.

Defendants also seek summary judgment on plaintiff's claim for punitive damages against the City of Bradford. The Supreme Court has expressly held that punitive damages are not recoverable against a municipality under § 1983. City of Newport v. Fact Concerts,

---

[2] The grant of summary judgment as to plaintiff's Eighth Amendment claim will not entirely dispose of his claims of cruel and unusual punishment. Plaintiff has alleged that the defendants' actions violated both the Eighth and the Fourteenth Amendments. (Compl. ¶ 32.) The scope of a pre-trial detainee's rights under the Fourteenth Amendment is equivalent to the scope of a convicted inmate's rights under the Eighth Amendment. Thompson v. County of Medina, 29 F.3d 238, 242 (6th Cir. 1994); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985).

Inc., 453 U.S. 247 (1981). See also Chonich v. Wayne County Cmty. Coll., 973 F.2d 1271, 1274 n.3 (6th Cir. 1992). Therefore, summary judgment is appropriate on that issue.

Plaintiff's state law claims are governed by the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. § 29-20-101 *et seq.* In Tipton County Bd. of Educ. v. Dennis, 561 S.W.2d 148, 152 (Tenn. 1978), the Tennessee Supreme Court held that punitive damages are unavailable in negligence actions brought pursuant to the TGTLA. As the TGTLA prohibits all recovery for most intentional torts, including intentional infliction of emotion distress/outrageous conduct, it appears that plaintiff also has no claim for punitive damages against the City under state law.

In any event, the Court has determined that jurisdiction over the plaintiff's state law claims should be declined. Plaintiff's § 1983 claims would ordinarily confer supplemental jurisdiction over the TGTLA claims because they arise out of the same facts and form part of the same case or controversy. See 28 U.S.C. § 1367(a). However, TGTLA claims must be brought in "strict compliance" with the terms of the Act. See Tenn. Code Ann. § 29-20-201(c). The TGTLA gives the state circuit courts exclusive original jurisdiction over claims brought pursuant to its provisions. § 29-20-307.

In Beddingfield v. City of Pulaski, 666 F. Supp. 1064 (M.D. Tenn. 1987), *rev'd on other grounds*, 861 F.2d 968 (6th Cir. 1988), the court held that the Act's exclusive grant of jurisdiction to the state circuit courts precluded the federal court's exercise of supplemental jurisdiction over TGTLA claims. The court reasoned that when such supplemental state law

6

claims involve neither federal law nor federal diversity jurisdiction, no Supremacy Clause interests are implicated. Therefore, federal courts would appear obligated to apply the TGTLA limitations on suability as a matter of state substantive law. See Fromuth v. Metropolitan Gov't of Nashville, 158 F. Supp. 2d 787, 798 (M.D. Tenn. 2001).

Furthermore, a federal district court may, in its discretion, decline supplemental jurisdiction over a state law claim, even if jurisdiction would otherwise be proper under 28 U.S.C. § 1367(a). Section 1367(c)(4) allows a district court to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." At least one other court in this district has held that the exclusivity provisions of the TGTLA are not sufficient reason to decline jurisdiction under § 1367(c). See Malone v. Fayette County, 86 F. Supp. 2d 797 (W.D. Tenn. 2000). However, the Sixth Circuit Court of Appeals has held otherwise.

In Gregory v. Shelby County, Tenn., 220 F.3d 433 (6th Cir. 2000), the Court of Appeals affirmed the district court's dismissal of the TGTLA claims, stating, "[i]n this instance, the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts. This unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction." Id. at 446. See also Maxwell v. Conn, No. 89-5060, 1990 WL 2774 (6th Cir. Jan. 18, 1990) (TGTLA's grant of exclusive jurisdiction to the state courts "belied" plaintiff's argument that he could expect to try the TGTLA claims in the same proceeding as his federal claims); Spurlock v. Whitley, 971 F.

Supp. 1166, 1185 (M.D. Tenn. 1997).

This Court has accepted supplemental jurisdiction over claims governed by the TGTLA only in the very limited situation where an action is timely filed by the plaintiff in state court, but is then removed to this Court by the defendants after the plaintiff's statute of limitations has run, so that the claims cannot be refiled in state court. See Davis v. Hardin County, #99-1218 (W.D. Tenn. Oct. 23, 2001) (granting a motion to reconsider and reinstating TGTLA claims). This case, however, was not filed by the plaintiff in state court, but was filed in this Court as an original action. Under these circumstances, the Court declines to accept supplemental jurisdiction over the plaintiff's state law claims.

In conclusion, the defendants' motion to dismiss and/or for partial summary judgment (dkt. #11) is GRANTED as to the following claims: (1) all claims for compensatory and punitive damages brought against Ryan Shanklin in his official capacity; (2) all claims against both defendants for alleged violations of the Eighth Amendment; (3) all claims against both defendants for alleged violations of the Tennessee Constitution; and (4) all claims for punitive damages against the City of Bradford.

Plaintiff's state law claims are hereby DISMISSED in their entirety pursuant to 28 U.S.C. § 1367(c)(4).

The remaining claims in this action are the § 1983 claims for compensatory damages against the City of Bradford and the § 1983 claims for compensatory and punitive damages against Ryan Shanklin in his individual capacity.

IT IS SO ORDERED.

  s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE